IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mary L. Mizzell, | ) | Civil Action No.: 0:12-3126-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. (ECF No. 29). Plaintiff Mary L. Mizzell ("Plaintiff") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act. (ECF No. 1). In her Report and Recommendation ("Report"), Magistrate Judge Gossett recommends reversing the Commissioner's decision and remanding the case for further proceedings. (ECF No. 29 at 10). On February 5, 2014, the Commissioner filed objections to the Report and Recommendation. (ECF No. 30). Plaintiff filed a reply on February 24, 2014, in support

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

1

of the Magistrate Judge's Report and Recommendation. (ECF No. 31). For the reasons stated below, the Court adopts the Report and Recommendation and reverses and remands the case for further administrative proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the Court incorporates them and summarizes below in relevant part. At the time of the ALJ's decision, Plaintiff was a forty-four-year-old woman with a ninth grade education and was in special education classes. (Tr. 44). Plaintiff has past relevant work experience as a housekeeper. (Tr. 46).

On June 19, 2008, Plaintiff filed an application for DIB and SSI, alleging disability beginning November 22, 2003[2]. Plaintiff claimed disability due to depression, bipolar disorder, sciatica, and numbness in her right leg. (Tr. 178). Plaintiff's claim was denied initially and upon reconsideration. Thereafter, Plaintiff filed a written request for a hearing which was held on July 15, 2010. (Tr. 42-66). The Administrative Law Judge ("ALJ") found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 32). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1-3). Plaintiff filed the instant action on October 20, 2012. (ECF No 1). Plaintiff alleges that:

1. The ALJ's unfavorable decision is inconsistent with the commissioner's subsequent determination that Plaintiff was disabled less than four weeks after the decision, based on the Commissioner's own medical expert's finding that Plaintiff actually became disabled long before the ALJ's decision.

---

[2]Plaintiff amended her alleged disability onset date to January 1, 2007, at the hearing before the ALJ. (Tr. 44.)

2.   It was error for the ALJ to fail to find that lower GI/abdominal problems, shortness of breath, and limited cognitive ability were "severe impairments."

3.   It was error for the ALJ to promulgate an incomplete "residual functional capacity" (RFC) that improperly failed to accommodate all of Claimant's physical and mental limitations supported by the evidence.

4.   The ALJ committed reversible error by relying solely on the grid rules to deny the claim at step 5, without any testimony by a vocational expert, even though the Claimant is severely impaired by both exertion al and nonexertional limitations.

(ECF No. 20).

The Commissioner opposes Plaintiff's petition for benefits.

## REPORT AND RECOMMENDATION

On January 24, 2014, the Magistrate Judge issued a Report and Recommendation in which she determined that the Commissioner's decision was not supported by substantial evidence. (ECF No. 29). The Magistrate Judge recommends reversing and remanding this matter to the Commissioner for further consideration of Plaintiff's impairments of shortness of breath, lower gastrointestinal problems and limited cognitive functioning at step two and their impacts on the remaining sequential process. *Id* at 9. The Magistrate Judge further recommends that, if necessary, Plaintiff should be allowed to "present her arguments on remand regarding additional evidence, the ALJ's residual functional capacity analysis, and the propriety of the ALJ's reliance on the Grids. *Id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46

L.Ed.2d 483 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions.  28 U.S.C. § 636(b)(1).  "However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations."  *Wallace v. Housing Auth. of the City of Columbia*, 791 F.Supp. 137, 138 (D.S.C.1992) (internal citations omitted).

## LEGAL STANDARD

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Under 42 U .S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . "); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir.1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir.1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966); *Tyler v. Weinberger*, 409 F.Supp. 776 (E.D.Va.1976).  The statutorily mandated standard

precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir.1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## OBJECTIONS

The Commissioner objects to the Magistrate Judge's recommendation. (ECF No. 30). The Commissioner argues that the Magistrate Judge erred in finding that the ALJ's determination that Plaintiff's shortness of breath and lower gastrointestinal problems were non-severe impairments were not supported by substantial evidence. The Commissioner asserts that even if the ALJ did err with regard to these impairments, any error was harmless and does not warrant remand. (ECF No. 30 at 3). The Commissioner also argues that the ALJ properly considered and determined that Plaintiff's cognitive functioning was not a severe impairment. *Id.* Plaintiff filed a response to the Commissioner's objections, and asks that the Magistrate Judge's Report and

Recommendation be adopted and the case be remanded.  (ECF No. 31).

## DISCUSSION

The Court has considered the Commissioner's objections in light of the applicable case law, the record in this matter, and the briefs and submissions made to this Court.  In her objections, the Commissioner argues that the ALJ's decision is supported by substantial evidence and discusses the considerations of the ALJ in finding that Plaintiff's impairments of shortness of breath, lower gastrointestinal problems, and cognitive functioning were not severe.  (ECF No. 30 at 2-4).  The Commissioner argues that the Court must uphold the ALJ's findings supported by substantial evidence even if the reviewing court disagrees with the final outcome.  (ECF No. 30 at 2).

The Magistrate Judge outlined in her Report and Recommendation the five-step process an ALJ must follow in determining whether a claimant is disabled, and this Court incorporates the recitation by reference.  The Magistrate Judge identified error at step two of the ALJ's analysis wherein the ALJ found that Plaintiff had severe impairments of degenerative disc disease and depression and anxiety.  (Tr. 23).

The ALJ's determination as to whether an impairment is severe or not is a threshold determination.  *See* 20 C.F.R. § 404.1520(c).  An impairment is not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) (internal citation and quotation omitted) (emphasis in original); *see also Albright v. Comm'r of Soc. Sec. Admin*., 174 F.3d 473, 474 n. 1 (4th Cir.1999); 20 C.F.R. § 404.1521(a) ("An impairment

or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

Here, Plaintiff highlights numerous records during and around the relevant time period that Plaintiff contends significantly limited her physical and mental ability to do basic work activities otherwise. Upon consideration, the Magistrate Judge concluded that the Commissioner's decision was not supported by substantial evidence and recommended the matter be remanded for further consideration of Plaintiff's impairments at step two and their impact on the remaining sequential process. Finally, the Magistrate Judge suggests that the court need not address Plaintiff's remaining issues, as they may be moot on remand. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003). (Remanding on other grounds and declining to address claimant's additional arguments).

After careful review of the record, the Court accepts the Magistrate Judge's recommendation. The ALJ's decision does not make clear whether he considered the records highlighted by Plaintiff and as such, this Court is unable to discern whether the ALJ's decision is supported by substantial evidence.

In making this determination, the Court considered the Commissioner's argument that even if the ALJ had erred in failing to classify Plaintiff's shortness of breath, lower gastrointestinal problem, and cognitive functioning as severe impairments, such an error would have been harmless and did not warrant remand. (ECF No. 30 at 3). The Commissioner is correct that the ALJ's failure to label an impairment as severe at step two is harmless when the ALJ discusses its limitations in later steps. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.2007). However, here, the ALJ's decision does not reflect that the ALJ discussed the evidence and limitations related to these impairments in subsequent steps.

Thus, the Court finds the Commissioner's argument unavailing.

## CONCLUSION

In light of the standards set out above, the Court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court overrules the Commissioner's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein. It is ORDERED that the Commissioner's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order and the Report and Recommendation.

IT IS SO ORDERED.

     /s/ Mary G. Lewis
United States District Judge

March 10, 2014
Spartanburg, South Carolina