IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Mary L. Mizzell, ) | |
| ) | Civil Action No. 0:12-cv-3126-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____  ) | |

On June 6, 2014, Plaintiff Mary L. Mizzel ("Plaintiff") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No. 35.) The Commissioner responded on June 23, 2014, stating she did not object to Plaintiff's request for attorney's fees, but requested the award of attorney's fees to Plaintiff, not her attorney. (ECF No. 36.)

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The district courts have discretion to determine a reasonable fee award and whether that award should

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The remand in this case was made pursuant to sentence four.

be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir.1991).

District courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99–80, § 2(c)(2)(B).

In light of the standard set forth above, the court concludes that the Commissioner's position was not substantially justified. Accordingly upon thorough review of the record in this matter, the court finds that Plaintiff has made a proper showing under the EAJA. As such, the court grants Plaintiff's motion for attorney's fees.

Plaintiff seeks an award of attorney's fees in the amount fo $8,077.55 calculated at the rate of $181.67 per hour for attorney hours for 1.3 hours, $184.76 per hour for 32.90 hours, and 187.53 per hour for 9.40 hours of work in federal court. The Commissioner does not objected to Plaintiff's calculation of the hourly rate and the court finds the calculation reasonable.

Based on the foregoing, and after considering the briefs and materials submitted by the parties, the court orders that Plaintiff be awarded $8.077.55 in attorney's fees[2].

---

[2]The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts).

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

June 25, 2014
Spartanburg, South Carolina